FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

15 JAN 14 AM 10: 03

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| vs. | 8:14CR253 |
| DAVID V. ROBERTS, | PLEA AGREEMENT |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Deborah R. Gilg, United States Attorney and Donald J. Kleine, Assistant United States Attorney, and defendant, David V. Roberts and Jeffery L. Thomas, counsel for defendant, as follows:

## I
## THE PLEA

A.  CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Count I of the Indictment. Count I charges violations of Title 18, United States Code, Sections 1343 and 2.

B.  In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

1.  The United States will move to dismiss Counts II - X of the Indictment at the time of sentencing.

## II
## NATURE OF THE OFFENSE

A.  ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1.  That Defendant devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises;
2.  That Defendant acted with the intent to defraud;

1

3. That in advancing, furthering, or carrying out the scheme, Defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

B.  ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

From at least June, 2011, and continuing through at least February, 2012, defendant, and others, would cause to be transmitted email communications to various individuals located throughout the United States, which emails sought the purchase of material, product or services advertised by victims for sale to the public. Material, product, or services advertised by these victims included, but was not limited to, windows, furniture, vehicles, computer repair services, and tutoring services. Defendant, and others, would negotiate and agree upon a purchase price with the victims for the advertised material, product, or services for sale.

Once a purchase price was agreed upon, defendant, and others, would cause a check to be created and mailed to the victims for payment of the advertised material, product, or services for sale. In fact, and unbeknownst to the victims who received the checks, the checks were not legitimate and were fraudulently created.

Victims were instructed to electronically wire a portion of the funds credited to their account by virtue of the fraudulent check to defendant within the District of Nebraska. Victims were provided with defendant's name and the location where the funds were to be electronically wired. Victims were told money needed to be wired to defendant for purposes of paying defendant to pick-up, ship, or assist with transportation of the material or product advertised and purportedly purchased.

Upon receipt of fraudulent checks, victims deposited the check into their bank accounts. Once the victims believed the funds had been credited to their bank account, victims would electronically wire a portion of the deposited funds to defendant within the District of Nebraska using the services of Western Union or MoneyGram. Defendant, while within the District of

Nebraska, would travel to Western Union or MoneyGram locations where he would accept the electronically wired payments.

In particular, on September 9, 2011, and as part of the aforementioned scheme, a victim, using Western Union, electronically wired a monetary payment from the State of Washington to defendant in the State of Nebraska in the amount of $1,900.21. Prior to sending the wired monetary payment, the victim previously received a fraudulent check for computer repair work. Defendant, while within the District of Nebraska, traveled to a Western Union location in Omaha, Nebraska, where he accepted the electronically wired payment. This monetary wire payment was sent to defendant as a result of materially false and fraudulent pretenses, representations and promises made to the victim.

From at least June, 2011, and continuing through at least February, 2012, defendant, while within the District of Nebraska, personally accepted over fifty (50) electronically wired monetary payments from victims located outside the District of Nebraska in the amount of $91,707.81. Each of these monetary wire payments were sent to defendant as a result of materially false and fraudulent pretenses, representations and promises.

### III
### PENALTIES

A.   COUNT I. Defendant understands that each crime to which defendant is pleading guilty carries the following penalties:

    1.   A maximum 20 years in prison;

    2.   A maximum $250,000 fine;

    3.   A mandatory special assessment of $100 per count; and

    4.   A term of supervised release of up to 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

    5.   Possible ineligibility for certain Federal benefits.

IV

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

V

## PARTIES' SENTENCING RECOMMENDATIONS

A. SENTENCING GUIDELINE CALCULATIONS.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree the defendant shall receive a sentence of imprisonment of 41 months. The Court may also impose a term of supervised release. This agreement is based on the defendant's role in the offense, criminal history, and acceptance of responsibility.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that, as permitted under the law, the sentence imposed in this case should run concurrent with defendant's sentence imposed in the matter of *State of Nebraska v. David Roberts*, Case No. CR13-1075 and CR 10-907706.

B. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

C. RESTITUTION.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the Court shall order defendant pay restitution in the total amount of $91,707.81. The Defendant understands that a schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on methods, available to the United States to enforce the judgment. If incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a payment

schedule. Pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. The Defendant agrees to provide all of Defendant's financial information to the United States and the Probation Officer, and agrees, if requested, to participate in a pre-sentencing debtor exam.

## VI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

    (a) As provided in Section I above, (if this is a conditional guilty plea); and

    (b) A claim of ineffective assistance of counsel.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

    (a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

    (b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII
## **BREACH OF AGREEMENT**

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
## **SCOPE OF AGREEMENT**

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX

### MODIFICATION OF AGREEMENT MUST BE IN WRITING

This agreement ends all plea discussions. No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XI

## **DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation.

UNITED STATES OF AMERICA
DEBORAH R. GILG
United States Attorney

_1-14-15_
Date

_____
DONALD J. KLEINE
ASSISTANT U.S. ATTORNEY

_1-12-15_
Date

_____
DAVID V. ROBERTS
DEFENDANT

_1/12/2015_
Date

_____
JEFFREY L. THOMAS
COUNSEL FOR DEFENDANT